IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD R. WIELD,

                Plaintiff,

v.

DANIEL WINKLESKI, LIEUTENANT BONFIGLIO,
LIEUTENANT LAVOY, BRIAN CAHAK,
DIANE FLADHAMMER, KENNETH LOBENSTEIN,
and T. MILLER,

                Defendants.

OPINION and ORDER

21-cv-139-jdp

---

Pro se plaintiff Donald Wield was formerly incarcerated at New Lisbon Correctional Institution (NLCI) and is currently incarcerated at Fox Lake Correctional Institution. Wield contends that while he was incarcerated at NLCI, defendant prison officials violated his rights by failing to prevent another inmate from attacking Wield and by pressuring Wield not to contest discipline imposed by the prison.

Wield has been granted leave to proceed in forma pauperis, Dkt. 4, and he has paid the initial partial payment of his filing fee. Because he is proceeding in forma pauperis and because he is a prisoner suing government officials, the next step is for me to screen his complaint under 28 U.S.C. §§ 1915 and 1915A. Wield's complaint violates the Federal Rules of Civil Procedure by attempting to join unrelated claims into a single lawsuit, so he cannot proceed on his claims at this point. I will give Wield a short time to choose how he wishes to proceed.

ALLEGATIONS OF FACT

The following facts are drawn from Wield's complaint, Dkt. 1.

### A. Attack on Wield

On October 10, 2019, plaintiff Donald Wield was attacked from behind by another inmate, Kenneth Smith. Wield's jaw and the orbital socket of his right eye were fractured, and he suffered a concussion. Smith had been paid to attack Wield because Wield had complained about the misuse of telephones by a group of Black inmates. Before the attack on Wield, another inmate had also been attacked "because of the monopolization of the telephones." Dkt. 1, at 9. Wield says that defendants Diane Fladhammer, Kenneth Lobenstein, and Daniel Winkleski were aware of the previous attack and should have known that Wield was at risk of a similar attack.

After the attack, Wield filed an inmate complaint about the other inmates' misuse of telephones. In the complaint, he "explained that [the] attack was perpetuated by inmate tensions caused by overcrowding and the misuse of the phones." *Id.* at 7. Defendant T. Miller, an inmate complaint examiner, rejected the complaint as untimely, and Winkleski upheld Miller's decision.

### B. Conduct report

On December 9, Wield was summoned to a disciplinary meeting with defendants Lieutenant Bonfiglio and Lieutenant Lavoy. The meeting concerned a conduct report that was submitted by Lavoy for an incident that occurred in late August or early September 2019. Wield doesn't describe the allegations in the report, but he says that they were based solely on statements from inmates who were involved in the misuse of the telephones that he had complained about. Bonfiglio and Lavoy assumed that the inmates' statements were true without any further investigation.

During the meeting, Bonfiglio told Wield that he had two choices. If he didn't contest the conduct report, he would receive 16 days of cell confinement. But if he requested a hearing on the report, he would remain in solitary confinement until the matter was resolved, which could take up to 21 days. Wield chose not to contest the conduct report because his mother had recently passed away and a memorial visit was scheduled for the following week. Bonfiglio used this visit as leverage to convince Wield to not contest the conduct report. Wield attempted to make a statement during the meeting, but Bonfiglio told him that he was not allowed to make a statement because he was not contesting the conduct report.

After the hearing, Wield appealed the conduct report, but he was told that he could not do so because the conduct report was uncontested. Wield filed another inmate complaint, contending that the handling of the conduct report violated his due process rights. Miller recommended that the complaint be dismissed because it "was barred from review by rule." *Id.* at 8. Winkleski agreed with Miller's recommendation and dismissed the complaint.

ANALYSIS

Wield's complaint includes two sets of claims against different defendants regarding separate incidents. Federal Rule of Civil Procedure 20 prohibits plaintiffs from bringing unrelated claims against different defendants in the same lawsuit. Under Rule 20, Wield may name multiple defendants in a lawsuit only if he asserts claims against all of them that (1) arise out of the same transaction or occurrence; and (2) include a question of law or fact that will apply to all of the defendants. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Wield's complaint describes two sets of potential claims: (1) claims related to Smith's attack; and (2) claims related to the handling of his conduct report. The only connection

between these sets of claims is that Wield says that Smith was hired to attack him by a group of inmates who were monopolizing the telephones, and he says that the conduct report was based on false allegations from those same inmates two months later. This connection is too tenuous to satisfy Rule 20's requirements. Wield's allegations concerning the conduct report aren't really about the telephone situation; rather, they focus on whether Lavoy and Bonfiglio adequately investigated the allegations against Wield and whether they pressured him into declining to contest the conduct report. And the two sets of claims will also involve completely separate legal questions. The first claims will concern whether prison officials should have known that Wield faced a serious risk of harm from other inmates because of his complaints about the telephone situation, and the second claims will concern whether Wield's due-process rights were violated by the handling of the conduct report.

I will give Wield a short time to decide which set of claims he wishes to pursue under this lawsuit. After he chooses a set of claims, I will treat the portion of his complaint that describes those claims as the operative pleading, and I will screen the claims that he has chosen. If Wield wishes to pursue the other set of claims, he must raise them in a separate lawsuit. If he does not do so, those claims will be dismissed without prejudice, and he will be free to bring them at another time so long as he does so before the statute of limitations has run.

Wield may object if he disagrees with my decision to group his claims into two separate lawsuits, but he still must choose one set of claims on which to proceed to comply with this order. If Wield fails to respond to this order by the deadline below, I will dismiss this case for his failure to state a claim upon which relief may be granted and record a "strike" under 28 U.S.C. § 1915(g).

4

ORDER

IT IS ORDERED that plaintiff Donald R. Wield may have until July 27, 2021, to inform the court which set of claims he wishes to pursue in this lawsuit.

Entered July 6, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge