IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD R. WIELD,

                Plaintiff,

v.                                             OPINION and ORDER

DIANE FLADHAMMER,
KENNETH LOBENSTEIN,                 21-cv-139-jdp
and DANIEL WINKLESKI,

                Defendants.

---

Pro se plaintiff and prisoner Donald Wield is proceeding on Eighth Amendment claims against staff at New Lisbon Correctional Institution for failing to prevent an attack by another inmate. Defendants move for summary judgment on the ground that Wield did not properly exhaust his administrative remedies. Dkt. 21. I will grant the motion and dismiss the case. It is undisputed that Wield submitted his complaint related to the attack past his deadline to do so, and he did not ask the complaint examiner to excuse his untimely submission for good cause. Because Wield did not exhaust his claims arising from the incident, I will deny Wield's motion to amend his complaint as futile. I will also deny his motion about contacting witnesses as moot.

BACKGROUND

I draw the following from the declaration and inmate records that defendants submitted in support of their motion, Dkt. 23.

On October 10, 2019, Wield was attacked by another inmate, Kenneth Smith. Wield was sent to the hospital for his injuries. It's unclear how long Wield was in the hospital, but it

appears that he returned to the prison on October 11 or 12. *See* Dkt. 23-2, at 18. Upon his return, Wield was placed in protective custody while the prison began an investigation into the attack. Wield has released back into the general population on October 22. The following day, October 23, another inmate told Wield the attack had been planned by a group of inmates who were angry that Wield had prevented them from using the prison phones. Dkt. 23-2, at 10.

On October 31, Wield submitted an inmate complaint to the institution complaint examiner. Wield wrote that the issue of the complaint was "[t]he misuse of telephones" that "led to [him] being assaulted and battered." *Id.* at 8. In the portion of the complaint form that asked for the "Date of Incident," Wield wrote October 10. In his complaint, Wield stated that he had been attacked by an inmate on October 10 and later learned that he was attacked because he hadn't allowed other inmates to monopolize the phones. *Id.* at 8–10.

On November 4, the complaint examiner rejected Wield's complaint as untimely because Wield submitted it more than 14 days after the date of the incident being grieved and hadn't argued that he had good cause for filing a late complaint. *Id.* at 6. Wield appealed the rejection of his complaint to the warden. On November 29, the warden approved the rejection of Wield's complaint. *Id.* at 5.

## ANALYSIS

### A. Exhaustion

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies established by state law before filing a lawsuit regarding prison conditions based on federal law. 42 U.S.C. § 1997e(a); *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). To comply with § 1997e(a), a prisoner must follow every step of the administrative process, which

includes filing grievances pursuant to the prison's administrative rules. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance with the rules is required. *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002). Exhaustion is an affirmative defense, which means that defendants bear the burden of establishing that Wield failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Under Wisconsin law, inmates must file complaints "within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code. § DOC 310.07(2). Wield is proceeding on a claim that the prison failed to prevent another inmate from attacking him. The attack took place on October 10, so Wield had until October 24 to submit a complaint about the issue. But the only complaint that Wield submitted related to the attack was his October 31 complaint about misuse of the phones. In that complaint, Wield wrote that the date of the incident being grieved was October 10 and noted that his attack occurred on that date. The examiner used that date to assess timeliness and rejected Wield's complaint. A complaint that is rejected on procedural grounds does not achieve exhaustion. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

Wield contends that his complaint was timely because he filed it within 14 days of October 23, when he learned that his attack may have been arranged by a group of other inmates.[1] Wield says that it would have been impossible for him to file his complaint without that information, so his 14-day time limit should have started on that day. Dkt. 26, at 3.

---

[1] In his appeal to the warden, Wield contended that his complaint was timely because he was "following the chain of command" by attempting to resolve the matter informally with prison staff before filing a complaint. Dkt. 23-2, at 28. Wield doesn't make that argument in this court, so I won't consider it here.

Wield forfeited that argument because he did not properly present it to the complaint examiner. Complaint examiners have the discretion to accept a late-filed inmate complaint for good cause. Wis. Admin. Code § DOC 310.07(2). But whether a plaintiff had good cause for failing to timely file a complaint "is not a decision for the court to make in the first instance." *Smith v. Martin*, No. 14-cv-429-wmc, 2016 WL 3830565, at *3 (W.D. Wis. July 12, 2016). If an inmate does not properly present his argument for why he had good cause to the institution complaint examiner, he forfeits that argument. *Id; see also Williams v. Rajoli*, 44 F.4th 1041, 1047 (7th Cir. 2022) (concluding that plaintiff "failed to exhaust his good-cause argument" by not making it in his formal grievance). A court may only consider a prisoner's good-cause argument if he presented it to the complaint examiner in accordance with the prison's procedural rules. *See Baker v. Kemper*, No. 17-CV-1275-JPS, 2019 WL 1227935, at *5 (E.D. Wis. Mar. 15, 2019).

Here, Wield did not properly present his argument for why his untimely filing should be excused. For the complaint examiner to be able to consider whether there is a good cause for a late complaint, the inmate "shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." Wis. Admin. Code § DOC 310.07(2). In his written complaint, Wield did not address whether his complaint was timely. He did not request to submit a late complaint. And although he wrote that he began receiving additional information about the attack after he was released from solitary confinement on October 22, he didn't expressly state that his complaint was timely for that reason. *See* Dkt. 23-2, at 8. Accordingly, the complaint examiner concluded that Wield "ma[de] no plea for good cause" and rejected his complaint. *See Pollard v. Nikolai*, No. 20-C-1868, 2021 WL 4502724, at *3 (E.D. Wis. Oct. 1, 2021) ("Because plaintiff did not explicitly provide a reason for the late

4

filing, as he was required to do under § DOC 310.07(2) . . . the [examiner] did not know to review the issue of whether good cause existed.") Because Wield did not request to file a late complaint on the ground that he only recently discovered the information he needed to do so, he cannot rely on that argument now.

Defendants have met their burden to show that Wield did not timely exhaust his administrative remedies related to the alleged failure to protect Wield from an attack by another inmate. I will dismiss Wield's claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

### B. Motion to amend complaint

Wield moves to amend his complaint to clarify some of his allegations and add three new defendants. Dkt. 18. I will deny the motion. The court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). But the court need not grant leave if amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). The allegations in Wield's proposed amended complaint all relate to his attack by another inmate. Dkt. 19. Wield did not properly exhaust his administrative remedies related to that incident, so he may not proceed on any of his proposed claims. I will deny his proposed amendment as futile.

### C. Motion for direct contact with witnesses

Wield asks to be allowed to send mail related to this case directly to potential witnesses in other prisons without having the mail routed through a third-party company, as required by prison rules. Because I am dismissing the case, I will deny his request as moot.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 21, is GRANTED. Wield's claims are DISMISSED without prejudice.

2. Wield's motion to amend his complaint, Dkt. 18, is DENIED as futile.

3. Wield's motion to allow contact with witnesses, Dkt. 20, is DENIED as moot.

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered October 25, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge